IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ILLINOIS MUTUAL LIFE INSURANCE COMPANY, <br>     Plaintiff <br><br> vs. <br><br> RICHARD KEVIN HAGER, JAMES CLIFFORD HAGER, COLBY HAGER, JOHN RANDALL HAGER and KIMBERLY WISENER, <br>     Defendants | § § § § § § § § § § § | Case No. 1:22-CV-412 |

## ORIGINAL COMPLAINT IN INTERPLEADER

Plaintiff Illinois Mutual Life Insurance Company ("Illinois Mutual") files the following Original Complaint in Interpleader, pursuant to Federal Rule of Civil Procedure 22, and 28 USC §§ 1335 and 2361.

### PARTIES

1. Illinois Mutual is domiciled in Illinois.

2. Defendants are citizens of Oklahoma and Texas. No service is necessary at this time, as Illinois Mutual is providing a copy of this Complaint to all parties through their counsel, along with a request that they waive the issuance and service of summonses.

### FACTUAL BACKGROUND

3. Illinois Mutual has an interest in the matters in controversy in this litigation in that it funded a term life insurance policy to Barbara A. Hager, who died on December 16, 2021.

4. In the most recent beneficiary designation preceding her death, Ms. Hager named Kimberly Wisener as primary beneficiary under the policy. However, Richard Kevin Hager, James Clifford Hager and Colby Hager, whom Illinois Mutual understands to be heirs of Ms.

Hager, have challenged that designation and made a claim for the policy benefits. Illinois Mutual also understands John Randall Hager is an heir of Ms. Hager. Illinois Mutual has inquired whether the claimants may be able to reach an amicable resolution, but without success.

### BASIS FOR INTERPLEADER

5. Illinois Mutual may be subject to multiple liability with respect to the life benefits payable upon Barbara Hager's death, because of rival claims by Defendants.

6. Illinois Mutual is unable to determine which Defendant is entitled to the disputed benefits and is in the position of an innocent stakeholder faced with the possibility of multiple liability and incidental costs.

7. Illinois Mutual has no claim to or interest in the benefits, which Illinois Mutual at all times has been willing to deliver to the person or persons entitled to possession.

8. Illinois Mutual has in no way colluded with any Defendant concerning the matters of this cause. Illinois Mutual has not been, and will not be, indemnified in any manner by any Defendant. Illinois Mutual has filed this complaint of its own free will to avoid multiple liability and unnecessary suits and costs incidental to them. Illinois Mutual unconditionally offers and is ready to deposit with the Court the entire $47,555.84 (Forty-Seven Thousand Five Hundred Fifty-Five and 84/100 Dollars) in benefits ($50,000.00 in basic life benefits, less a $2,444.16 policy loan).

### REQUEST FOR RELIEF

9. Illinois Mutual requests the Court grant this interpleader and release and discharge Illinois Mutual from any further liability pertaining to the benefits payable upon Barbara Hager's death. Illinois Mutual also requests the Court enjoin and restrain Defendants from instituting or prosecuting any proceeding in any State or United States court affecting or

relating to the benefits at issue. Illinois Mutual further requests that it be awarded its attorney's fees and costs incurred as a result of these proceedings, as well as such other relief, both legal and equitable, to which it may show itself justly entitled.

Dated: May 2, 2022.

Respectfully submitted,

By: */s/ Andrew MacRae*
Andrew F. MacRae
State Bar No. 00784510
MacRae Law Firm PLLC
3267 Bee Cave Road
Suite 107, PMB 276
Austin, Texas 78746
Tel: (512) 565-7798
andrew@macraelaw.co

Attorneys for Illinois Mutual
Life Insurance Company
